UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nestor Quintana,<br><br>                        Petitioner,<br>v.<br><br>Calvin Johnson, et. al,<br><br>                        Respondents. | Case No. 2:22-cv-00437-APG-NJK<br><br>**Order Dismissing Habeas Petition**<br><br>[ECF No. 3] |

      Petitioner, Nestor Quintana, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, with an attached motion for appointment of counsel, and paid the filing fee. ECF No. 3. I have screened the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). For reasons that follow, I dismiss the petition and deny the motion for appointment of counsel.

      Habeas Rule 4 requires me to make a preliminary review of each petition for writ of habeas corpus. I must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir.1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski v. Maass*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d at 491.

In his petition, Quintana indicates that he is serving consecutive sentences of ten years to life, but he does not identify the offenses for which he was convicted. ECF No. 3 at 2. He alleges that his conviction and/or sentence are unconstitutional in violation of this 5th, 6th, and 14th Amendment right to due process. He also alleges ineffective assistance of counsel due to counsel's failure to investigate and raise substantive issues during trial and appeal. He makes vague allegations that his "attorney could have represented me better," and "explain[ed] my mental and veteran issues and talked to witnesses." *Id*. at 5. Beyond that, the petition is devoid of any factual allegations that explain, or even suggest, how his constitutional rights have been violated or how is counsel's performance fell below constitutional standards. Instead, Quintana asks for someone to represent him and for the court to help him. *Id*. at 3,5.

Quintana's petition fails to meet the pleading standards for habeas cases or state a cognizable claim for habeas relief. Thus, it is subject to summary dismissal. I am not permitted to help Quintana construct his habeas petition. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to pro se litigants). Under 18 U.S.C. § 3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. With his motion for appointment of counsel, Quintana cites his limited education, very limited access to legal resources, and the lack of assistance of a prison law clerk. While unfortunate, these circumstances are common to inmate habeas petitioners and are not sufficient to entitle Quintana to appointed counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986) (holding that petitioner is entitled to appointed counsel when "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations"). Simply put, I am not inclined to appoint counsel for Quintana in the absence of any allegations establishing the possibility that he is being held in custody in violation of his constitutional rights.

I THEREFORE ORDER that Quintana's petition for writ of habeas corpus (ECF No. 3) is DISMISSED for failure to state a claim. The Clerk will enter judgment accordingly and close this case.

I FURTHER ORDER that a certificate of appealability is DENIED, as jurists of reason would not find it debatable whether I am correct in my ruling.

I FURTHER ORDER that Quintana's motion for appointment of counsel (ECF No. 3-1) is DENIED.

Dated: March 17, 2022

_____
U.S. District Judge Andrew P. Gordon